UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| SOCORRO MORALES | § | CIVIL ACTION NO._____ |
| | § | |
| v. | § | JURY |
| | § | |
| U.S IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT and SERGIO UGAZIO | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Socorro Morales (plaintiff) complains of U.S. Immigration and Customs Enforcement (hereinafter referred to as ICE) and Sergio Ugazio. (defendants).

Plaintiff seeks compensatory damages for personal injuries and property damages she sustained when Sergio Ugazio, under the scope of employment for the U.S. Border Patrol, violently struck Ms. Morales' vehicle in McAllen, Texas on October 31, 2014.

**1.  PARTIES**

Plaintiff is a citizen or permanent resident of the United States. Plaintiff resides in the Southern District of Texas.

Defendant U.S. Immigration Customs Enforcement (ICE) is a federal government agency of the United States of America. Defendant, ICE, is an federal government agency regulated by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671-2680. Defendant, Sergio Ugazio was an employee of ICE at the time of the accident.

Pursuant to Fed. R. Civ. P. 4 (i), defendant, ICE, may be served by delivering a copy of the complaint to the United States Attorney for the Southern District of Texas, Kenneth Magidson as

follows:

    Kenneth Magidson
    U.S Attorney's Office
    Souther District of Texas
    1000 Louisiana, Ste. 201
    Houston, TX 77002

Defendant, Sergio Ugazio is an individual who may be served as follows:

    Sergio Ugazio
    10075 Park Meadows Dr. 202
    Lone Tree, CO 80124

## 2. JURISDICTION

This Court has jurisdiction over the defendant because it is a federal government agency and as such ICE is responsible for any injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C.§ 1346(b). Also, Plaintiff has presented an administrative claim that has been denied by the agency. 28 U.S.C. § 2675 9(a). Thus, this court has subject matter jurisdiction under those federal statutes.

## 3. VENUE

The collision made the subject of this suit occurred in the Southern District of Texas. In, addition, Plaintiff resides in the Southern District of Texas. Therefore, venue is thus proper in the District Court for the Southern District of Texas. 28 U.S.C. §1402 (b).

## 4. FACTS

On or about October 31, 2014, Plaintiff, Socorro Morales, was driving in McAllen, Hidalgo County, Texas. Plaintiff was stationary at a red light, in the outside lane facing south on the 600 block of S. 10th Street at the intersection with Houston Street. Defendant, Sergio Ugazio, in the course and

scope of his employment with ICE, was driving an unmarked Border Patrol vehicle. Mr. Ugazio traveled directly behind plaintiff.

Mr. Ugazio failed to control speed and rear-ended plaintiff's vehicle.

Plaintiff was seriously injured in the collision.

5. **NEGLIGENCE.** The collision described above, and the resulting injuries and damages suffered by plaintiff, were actually and proximately caused by Mr. Ugazio's negligence in one or more of the following acts or omissions:

- failing to maintain a safe distance behind the vehicle in front of him;
- failing to maintain a proper lookout;
- failing to timely and properly apply his brakes prior to the collision;
- driving his vehicle at a greater rate of speed than a reasonable and prudent person would have driven under similar conditions;
- failing to maintain control of his vehicle.

6. **RESPONDEAT SUPERIOR.** ICE, owned or leased or otherwise controlled the vehicle that Mr. Ugazio was driving at the time of the collision. At that time, Mr. Ugazio was an employee of ICE, and was driving its vehicle in the course and scope of his employment. ICE is liable to plaintiff for Mr. Ugazio's negligence through the doctrine of respondeat superior.

7. **NEGLIGENT HIRING, SUPERVISION, TRAINING, or RETENTION**

ICE owed plaintiff a legal duty to hire, supervise, train, and retain competent employees. The facts and circumstances surrounding the collision suggest that Mr. Ugazio was unqualified, improperly trained, and/or fatigued at the time of the collision. ICE was negligent in failing to use ordinary care when hiring, supervising, training, or retaining Mr. Ugazio. Mr. Ugazio committed an

actionable tort in the course and scope of his employment for ICE.

## 8. DAMAGES

As a direct and proximate result of defendant's acts and omissions, plaintiff suffered serious personal injury. Plaintiff's damages include,

- past, present, and future medical bills;
- past, present, and future physical pain and mental anguish;
- past, present, and future physical impairment;
- lost earnings and/or lost earnings capacity.

Plaintiff demands judgment against defendant for an amount not in the excess of $100,000 dollars, plus costs.

## 9. PREJUDGEMENT INTEREST

Plaintiff seeks pre-judgment interest on past damages.

## 10. JURY DEMAND

Plaintiff demands a jury.

### P R A Y E R

WHEREFORE, plaintiff prays that, on final trial, plaintiff have:

1. Judgment against defendant for actual damages;
2. Pre-judgment interest;
3. Post-judgment interest;
4. Costs of suit;
5. All such other relief, at law or at equity, to which plaintiff may show herself to be

entitled.

/s/ Michael R. Salinas
Michael R. Salinas
Attorney In Charge
Tx.SBN 24002887 S.D.Tx.ID 27868
LAW OFFICE OF EZEQUIEL REYNA, JR. L.L.P.
702 W. Expressway 83
Weslaco, Texas 78596
Phone: (956)968-9556
Fax: (956) 969-0492
msalinas@zreynalaw.com

Attorney For Plaintiff